*W. D. Buie, J. H. Gary,* and *Hendricks & Christian,* contra.

---

## THOMPSON *v.* THE STATE.

HILL, J. 1. On the trial of one indicted for murder, where it appeared that the deceased was badly cut with a knife and died three or four hours thereafter, and that upon being cut he exclaimed, "Oh, Lordy, I am stabbed to death," and very shortly thereafter stated that he was cut all to pieces and was dying, a prima facie case was made for the admission in evidence of his statement, then made, as to who cut him, and there was no error in admitting such statement, it appearing that the court gave to the jury, in connection therewith, proper instructions on the subject of dying declarations. *Jones* v. *State,* 130 *Ga.* 274 (60 S. E. 840); *Lyens* v. *State,* 133 *Ga.* 587 (66 S. E. 792).

(*a*) This rule is not altered by the fact that a physician, subsequently to the time the declarations were made, informed the declarant that he had a chance of recovery. *Wheeler* v. *State,* 112 *Ga.* 43 (5), (37 S. E. 126).

(*b*) While it was inaccurate to instruct the jury that they might pass upon the "admissibility" of the alleged dying declarations, the context in connection with which this portion of the charge complained of was given clearly shows that the jury could only have understood the court to mean that they might consider the alleged dying declarations as evidence only in the event they believed that they were made under such circumstances as to constitute them dying declarations.

2. The evidence was sufficient to support the verdict, and the court committed no error in denying the defendant a new trial.

*Judgment affirmed. All the Justices concur.*

DECEMBER 12, 1911.

Indictment for murder. Before Judge Felton. Bibb superior court. July 13, 1911.

*W. D. McNeil,* for plaintiff in error. *T. S. Felder, attorney-general,* and *W. J. Grace, solicitor-general,* contra.